COMMONWEALTH *vs.* CHRISATOUMAS NICKOLOGINES.

Essex.    November 3, 1947. — January 8, 1948.

Present: QUA, C.J., DOLAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Evidence*, Admissions and confessions.  *Accessory and Principal.  Robbery.*

At the trial of an indictment charging the defendant with being an acces-
   sory to a robbery, evidence of statements respecting the robbery
   made by one of the principals in the presence of the defendant while
   the defendant was under arrest was admissible where the defendant
   did not remain silent at the time of such statements but made remarks
   which were not an unequivocal denial of the truth thereof.
A finding of guilty of being an accessory before the fact to a robbery
   while armed was warranted by evidence that the defendant brought
   to the attention of one of four principals in the robbery the fact that
   the person robbed was an easy person to rob and was accustomed to
   carry a substantial amount of money with him;  that he pointed out
   the automobile of the person robbed to that principal;  that a few
   days later the principals followed the automobile when the person
   robbed went home in it and there robbed him at the point of a gun
   held by one of them;  and that after the robbery the defendant was
   in possession of a watch taken from the person robbed.
Requests for certain rulings as to the use of a firearm in committing a
   robbery were not pertinent and properly were refused at the trial of
   an indictment charging the defendant with being an accessory to the
   crime of robbery while armed under G. L. (Ter. Ed.) c. 265, § 17, as
   appearing in St. 1943, c. 250, § 1, since the gist of that crime is being
   armed while committing a robbery, not the use of the weapon in
   committing it.

INDICTMENT, found and returned on May 14, 1947.

The case was tried before *Hudson*, J.

*A. H. Salisbury, 2d,* for the defendant.

*H. R. Mayo, Jr.,* Assistant District Attorney, for the
Commonwealth.

WILLIAMS, J.    This indictment charges the defendant
with being an accessory before the fact to the crime of
robbery, being armed with a dangerous weapon, G. L. (Ter.
Ed.) c. 265, § 17, as appearing in St. 1943, c. 250, § 1, of
one Domenic DiZazzo on December 18, 1946, at Lawrence.
The four principals in the robbery, Chateauneuf, Cleary,

Cottam, and McClellan, have all pleaded guilty. The present case comes before this court, after a verdict of guilty, by appeal with a summary of the record, a transcript of the evidence, and an assignment of errors, all in accordance with G. L. (Ter. Ed.) c. 278, §§ 33A–33G, as amended by St. 1939, c. 341. The questions to be considered are included in the defendant's three assignments of error.

There was evidence of the following facts. A few days before December 18, 1946, the defendant brought to the attention of Chateauneuf the fact that a man named DiZazzo, who worked at the Melody Lounge in Lawrence, was in the habit of carrying a substantial amount of money on his person and was an "easy fellow to rob." The defendant and Chateauneuf went to Lawrence and the defendant pointed out to Chateauneuf DiZazzo's automobile, which was parked outside the lounge. On December 18 the four persons named above as principals went from Lowell to the Melody Lounge in Lawrence, waited until DiZazzo came out and got into his automobile, followed him to his home, held him up with the aid of a gun in the hands of Chateauneuf, and took from his person a sum of money and a valuable wrist watch.

The first assignment of error relates to the refusal of the judge to strike out the testimony of the witness Trainor relative to certain statements of the witness Chateauneuf made in the presence of the defendant at the Lawrence police station. It is the contention of the defendant that, if not technically under arrest, he was restrained by fear, doubts of his rights and the belief that his security would best be protected if he remained silent. However, he did not remain silent, nor can his remarks or statements be considered unequivocal denials of the truth of the statements made by Chateauneuf.

The defendant having been brought to the Lawrence police station in circumstances which we will assume might be found to constitute his arrest (but see *Commonwealth v. Merrick*, 255 Mass. 510, 512), Chateauneuf, in the defendant's presence, repeated in substance the story of the robbery which he later related in his testimony at the trial

of this case. He implicated the defendant as the one who had caused the robbery to be effected. In reference to Chateauneuf's statement that at some time after the robbery the defendant had possession of DiZazzo's watch for two days, the defendant broke in and said, "You tried to sell me the watch for my car." At the end of Chateauneuf's recital, in response to an inquiry the defendant said to Sheval (a police officer present), "Oh, gee, I have nothing to say." After Chateauneuf left the room the defendant denied the truth of what the former had said. Chateauneuf was brought back a second time and was asked in the defendant's presence if he knew DiZazzo before this night. He answered "No, I didn't." The defendant was then asked, "How would this fellow know DiZazzo? He never knew him before that night. If you didn't point him out, how would they know him?" The defendant then said, "Gee, I don't know. Maybe they were in the Lounge. I have been down to the Lounge, and this fellow DiZazzo, when he has money and has been drinking, shows all the money he has. He pulls out a big roll of bills and buys everybody a drink. And he shows his watch around, with diamonds, worth $700." He said, "Maybe they were there. I don't know." At one or more times while Chateauneuf was talking the defendant said, "Oh, he's crazy." *Commonwealth* v. *Hamel,* 264 Mass. 564. The familiar rule as to the rights of a defendant under arrest need not be restated. *Commonwealth* v. *Kenney,* 12 Met. 235. *Commonwealth* v. *Spiropoulos,* 208 Mass. 71. The defendant's motion to strike out the evidence in question was denied rightly. *Commonwealth* v. *Gangi,* 243 Mass. 341, 345.

The defendant's second assignment of error is as follows: "There was no evidence at the trial that the defendant ever counselled, hired or otherwise procured the commission of such felony (i.e., robbery while armed). Further, there was no evidence that the robbery was accomplished by the use of a dangerous weapon." It is contended that not only was it not planned to use a gun but they said among themselves that it "was best not" to use one.

There was evidence that the defendant procured the

commission of a robbery. The offence of robbery while armed is but an aggravated form of common law robbery made punishable in a certain manner by G. L. (Ter. Ed.) c. 265, § 17, as appearing in St. 1943, c. 250, § 1. *Commonwealth* v. *Martin,* 17 Mass. 359. *Commonwealth* v. *Squire,* 1 Met. 258, 264. The defendant cannot escape responsibility because he may have left the time, place and manner of execution of the crime to his associates. *Commonwealth* v. *Glover,* 111 Mass. 395, 403. Foster, Crown Law, 369. It is not necessary to show the use of a dangerous weapon in proving the offence of robbery while armed. The gist of the offence is being armed, not the use of the weapon. *Commonwealth* v. *Mowry,* 11 Allen, 20. *Commonwealth* v. *Cody,* 165 Mass. 133. *Commonwealth* v. *Devereaux,* 256 Mass. 387, 392–393. *Commonwealth* v. *Williams,* 312 Mass. 553. Here the jury could have found that Chateauneuf was not only armed but also used his weapon in committing the robbery.

The third assignment of error relates to the refusal of the judge to give the defendant's seventeenth and eighteenth requests for instructions: "17. You are instructed that a pistol, revolver or other firearm is not a dangerous weapon unless it is loaded at the time it is used to commit a crime, or unless the person using it threatens or intends to use it as a club and not as a firearm. 18. If you find that a felony was committed by the use of a firearm of some kind, by pointing the same at the person who was robbed, you cannot find that the person using such firearm was guilty of using a dangerous weapon unless you find that the gun was loaded at the time it was used." There was no error in refusing to grant these requests. Each refers to the use of a firearm. What has been said in reference to the second assignment of error disposes of the third assignment.

*Judgment affirmed.*