COMMONWEALTH *vs.* MELVIN BROWN. November 4, 1974. This case is here on the defendant's exceptions to the denial of his motion for a directed verdict with respect to so much of an indictment as charged unarmed robbery, to portions of the court's charge, and to the court's failure to give his requested instructions. The facts of the case were as follows: The defendant and another youth approached the victim from behind while she was walking on the street. The victim was holding a small purse in her left hand, and one of the youths snatched the purse out of her hand, touching neither her hand nor her body. The two youths fled. The victim testified she was not really aware of their presence until her purse had been snatched. The issue presented by each of the exceptions is whether the bare act of snatching a purse from the hand of a victim, in the absence of any prior awareness by the victim of the impending act, is sufficient to constitute the element of force required for unarmed robbery. We answer this question in the affirmative. By its use of the word "rob" the indictment effectively charged a "taking and carrying away of personal property of another from his person and against his will, by force and violence, *or* by assault and putting in fear, with intent to steal." G. L. c. 277, § 39 (emphasis supplied). The trial judge correctly instructed the jury that while there was no evidence that the purse was taken by placing the victim in fear, the pulling of a purse

from a victim's hand constituted sufficient force to satisfy the "by force and violence" alternative of the statutory definition. The defendant's requested instruction which asserted that the defendant could be found guilty of unarmed robbery only if the victim was placed in fear at the time of taking the property was properly denied. The Supreme Judicial Court has explicitly stated, although by way of dictum, that Massachusetts will follow the minority or Kentucky rule on purse snatching. "[S]natching, without more, involves the requisite element of force to permit a jury verdict on a charge of robbery." *Commonwealth* v. *Jones,* 362 Mass. 83, 88 (1972). See *Jones* v. *Commonwealth,* 112 Ky. 689, 692-695 (1902).

*Exceptions overruled.*

*David Skeels* for the defendant.

*Sandra Lee Hamlin,* Assistant District Attorney, for the Commonwealth.