COMMONWEALTH *vs.* FRANK GOLDMAN.
(and three companion cases[1]).

Suffolk.    September 15, 1977. — October 6, 1977.

Present: HALE, C.J., KEVILLE, & GRANT, JJ.

*Robbery.*

At the trial of an indictment under G. L. c. 265, § 17, for robbery while armed and masked, the Commonwealth was not required to prove that the victim was aware of the weapon but only that the defendant possessed it. [637-638]

INDICTMENTS found and returned in the Superior Court on April 27, 1976.

---

[1] One of the companion cases is against Frank Goldman and two are against Ralph Francis DeLeo.

The cases were tried before *Roy, J.*
*Gerald Alch* for the defendants.
*D. Lloyd Macdonald,* Assistant District Attorney, for the Commonwealth.

KEVILLE, J.  The defendants seek to raise three issues on appeal from their convictions after a jury trial of robbery while armed and masked, and attempted kidnapping. There is neither substance to their contention, unsupported by any authority, that they were in some way deprived of effective assistance of counsel in not being permitted to sit at counsel table during trial, nor is there support in the record before us for their insistent argument that they were prejudiced in the assignment of their cases to the session in which they were brought to trial. Indeed, they make no effective claim that they were accorded anything other than a fair trial by the judge presiding over that session or that his conduct in the course of the trial was other than impeccable. We turn then to the remaining issue.

The pertinent evidence may be summarized as follows. The defendant Goldman and one Chiodi[2] seized and robbed a woman of her handbag containing three hundred dollars as she was passing through an alleyway in Revere. Chiodi ran off with the bag. Up to this point the victim had observed no weapon. Goldman continued to struggle with the victim and threatened her with a revolver in an unsuccessful attempt to remove forcibly a ring from one of her fingers which was injured in the scuffle. The codefendant DeLeo stopped a car which he was driving at the head of the alley and sought, with a gun at the victim's back, to force her into the vehicle. The victim's outcries and continued resistance frustrated the efforts of her assailants who fled the scene in the car. When the car stopped a short distance away, Chiodi approached it and turned over the victim's handbag to the defendants and then continued to flee on

---

[2] As the result of this incident, Chiodi was convicted of robbery while armed and masked, but his conviction is not before us on this appeal.

foot. Shortly thereafter Goldman and DeLeo were appre-hended by the police. The police found one gun in the car and another close to the path followed by Goldman as he fled from the vehicle.

The defendants argue that because the victim became aware that Goldman possessed a revolver only after her handbag had been snatched by Chiodi that their motion for a directed verdict was erroneously denied. It is their contention that an essential element of the crime of armed robbery is that the victim be aware that a weapon is being used. We disagree.

General Laws c. 265, § 17, as appearing in St. 1952, c. 406, § 1, provides that one who assaults and robs another while "being armed with a dangerous weapon" shall be punished. The statute manifests no requirement that the victim be aware of the assailant's possession of the weapon. The Supreme Judicial Court has not had occasion to ad-dress itself to the precise question raised here by the de-fendants. However, a succession of cases demonstrates that possession of a dangerous weapon, rather than its use, is the essential element of § 17. "It is not necessary to show the use of a dangerous weapon in proving the offence of robbery while armed. The gist of the offence is being armed, not the use of the weapon." *Commonwealth* v. *Nickologines,* 322 Mass. 274, 277 (1948). *Commonwealth* v. *Mowry,* 11 Allen 20, 20-23 (1865). *Commonwealth* v. *Williams,* 312 Mass. 553, 555-556 (1942). *Commonwealth* v. *Chapman,* 345 Mass. 251, 255 (1962). *Commonwealth* v. *Blackburn,* 354 Mass. 200, 205 (1968). In *Commonwealth* v. *Cody,* 165 Mass. 133, 137 (1896), the court held that an indictment for what is now § 17 need not allege how the dangerous weapon was used or intended to be used. It follows that the indictment need not allege, nor need the Common-wealth prove, that the dangerous weapon was used in such a way that the victim was aware of its presence.

The offense under § 17 is but an aggravated form of com-mon law robbery and is distinguishable by the manner of punishment and not by the material elements composing common law robbery except for the presence of a dangerous

weapon. *Commonwealth* v. *Tarrant*, 367 Mass. 411, 414-415 (1975). The court in *Tarrant* emphasized that possession of a dangerous weapon during a robbery naturally leads to use of the weapon when the victim resists. It is the weapon's potential for conflict and serious bodily harm which aggravates the offense of robbery. *Id.* at 415. *Commonwealth* v. *Mowry*, 11 Allen at 22-23. The fact that the dangerous weapon is concealed rather than exposed does not significantly decrease the potential for victim resistance and the resulting use of the weapon. The mere possession of a dangerous weapon indicates the robber's willingness to use that weapon if necessary to accomplish his criminal undertaking.

Some jurisdictions have interpreted statutory language similar to that of G. L. c. 265, § 17, as not requiring knowledge by the victim that the robber possesses a dangerous weapon. *People* v. *Hall*, 105 Cal. App. 359, 361 (1930). *People* v. *Rainey*, 125 Cal. App. 2d 739, 741 (1954). Cal. Penal Code § 211A (Deering 1971). *State* v. *Buggs*, 219 Kan. 203, 207 (1976). Kan. Stat. Ann. § 21-3427 (Weeks 1974). But unlike G. L. c. 265, § 17, other State statutes have expressly required that the weapon be used or displayed during the robbery. See generally Perkins, Criminal Law 285 (2d ed. 1969). See also Model Penal Code § 222.1, Comment 5 (Tent. Draft No. 11, 1960).

Neither *Commonwealth* v. *Tarrant, supra,* nor *Commonwealth* v. *Delgado,* 367 Mass. 432 (1975), relied on by the defendants, strengthens their contention that the victim must be aware that the assailant is possessed of a dangerous weapon. Both cases deal primarily with what constitutes a dangerous weapon under § 17; and the handguns employed by the defendants in the instant case were unquestionably dangerous.

*Judgments affirmed.*