COMMONWEALTH vs. MICHAEL HAWKINS.

Middlesex.  December 17, 1985. — March 28, 1986.

Present: ARMSTRONG, CUTTER, & FINE, JJ.

*Robbery. Firearms.*

General Laws c. 265, § 18B, which imposes additional penalties on one
who uses a firearm in the commission of a felony, and which also
provides, "This section shall not apply in the case of any felony in which
the offense consists in whole or in part of using a dangerous weapon,"
has no application where the underlying felony is armed robbery.
[768-770]

INDICTMENT found and returned in the Superior Court De-
partment on August 8, 1984.

A motion for correction of sentence was heard by *Hiller B.
Zobel,* J.

*Scott Harshbarger,* District Attorney, *& Pamela L. Hunt,*
Assistant District Attorney, for the Commonwealth, submitted
a brief.

*Michael Hawkins,* pro se, submitted a brief.

ARMSTRONG, J. The defendant was charged with, and
pleaded guilty to, attempted armed robbery while masked and
conspiracy to commit armed robbery. The defendant also
pleaded guilty to several firearms offenses in connection with
the attempt: carrying a firearm without a license (G. L. c. 269,
§ 10[*a*]); possessing a firearm with an obliterated serial number
during the commission of a felony (G. L. c. 269, § 11B); and
use of a firearm in the commission of a felony, second offense
(G. L. c. 295, § 18B). On the last indictment the defendant
was given a flat five-year sentence, to be served concurrently
with a twelve- to fourteen-year State prison sentence imposed
on the conspiracy indictment.

Nine months after the imposition of sentence, the defendant
filed a motion to correct it, based on a contention that the flat

five-year sentence violated the provisions of G. L. c. 279, § 24, which requires that a sentence to State prison be stated in the form of maximum and minimum terms except where the defendant is sentenced "for life or as an habitual criminal." The judge denied the motion, ruling that G. L. c. 265, § 18B, calling for a five-year sentence with no suspension or parole prior to the expiration of five years,[1] takes precedence over the more general and earlier enacted provisions of G. L. c. 279, § 24. Cf. *Commonwealth* v. *Lightfoot,* 391 Mass. 718 (1984). For reasons set out below, we do not reach the issues presented by that ruling.

On appeal the defendant has raised an additional issue: that G. L. c. 265, § 18B, imposing additional penalties on one who uses a firearm in the commission of a felony, does not apply where the underlying felony is armed robbery. The Commonwealth has briefed this issue, but it has also argued that we should not reach the issue, both because the defendant pleaded guilty and because the issue was not raised in the defendant's motion.

Certainly the general rule is that an appellate court will not consider an issue raised for the first time on appeal. *Commonwealth* v. *Marchionda,* 385 Mass. 238, 242 (1982), and cases cited. An exception is where the language of the indictment does not set out a crime. *Commonwealth* v. *Boone,* 394 Mass. 851, 853 n.1 (1985). Such a defect is jurisdictional in nature; and, in accordance with the usual rule, a jurisdictional problem may be raised at any stage of the proceedings, and should be raised by any court that notices the problem, whether or not it has been raised by the parties. *Commonwealth* v. *Andler,* 247 Mass. 580, 582 (1924). *Commonwealth* v. *Burns,* 8 Mass. App. Ct. 194, 196 (1979).

---

[1] The five-year sentence resulted from the fact that this was the defendant's second conviction of a felony using a firearm. The first offense alleged was the use of a firearm during the commission of an earlier armed robbery, and the second offense was (as described in the text) the use of a firearm during the attempted commission of an armed robbery.

General Laws c. 265, § 18B, as amended by St. 1984, c. 189, § 162,[2] imposes additional penalties for a defendant who, "while committing [a felony] uses a firearm, rifle, shotgun or machine gun"; but it also provides that "[t]his section shall not apply in the case of any felony in which the offense consists in whole or in part of using a dangerous weapon." The question is whether armed robbery is such a felony.

The Commonwealth bases its position on the distinction between felonies, such as armed robbery,[3] which merely require that the perpetrator be armed with a dangerous weapon but not that it be *used* in the perpetration of the felony,[4] and those such as assault (or assault and battery) by means of a dangerous weapon,[5] which require actual use of the dangerous weapon as an element of the crime. Thus, as the armed robbery statute is drafted, it has long been accepted that a robber who is armed with a weapon but does not employ it during the commission of a robbery is nevertheless guilty of the offense of armed robbery. See *Commonwealth* v. *Mowry,* 11 Allen 20, 21-23 (1865); *Commonwealth* v. *Cody,* 165 Mass. 133, 135-137 (1896); *Commonwealth* v. *Williams,* 312 Mass. 553, 555-556 (1942); *Commonwealth* v. *Nickologines,* 322 Mass. 274, 277 (1948); *Commonwealth* v. *Tarrant,* 367 Mass. 411, 414-416 (1975); *Commonwealth* v. *Goldman,* 5 Mass. App. Ct. 635, 637-638 (1977); and *Commonwealth* v. *Burkett,* 5 Mass. App. Ct. 901, 903 (1977).

The reason that mere possession is deemed to be as aggravating a circumstance as actual use was stated in *Commonwealth*

---

[2] Section 18B was inserted by St. 1974, c. 830, and has remained unchanged in substance since that time. The 1984 amendment only corrected a spelling mistake.

[3] G.L. c. 265, § 17 ("Whoever, being armed with a dangerous weapon, assaults another and robs, steals or takes").

[4] Other such felonies include assault with a dangerous weapon with intent to rob or murder (G. L. c. 265, § 18[*a*] and [*b*]); armed assault in a dwelling with intent to commit a felony (G. L. c. 265, § 18A); burglary while armed (G. L. c. 266, § 14).

[5] G.L. c. 265, §§ 15A and 15B. Another such felony is armed assault with intent to maim (G. L. c. 265, § 14).

v. *Mowry, supra.* Robbery is a crime which will naturally provoke resistance; and, if the victim offers resistance, "the use of the dangerous weapon . . . would be likely to follow, with consequences as serious and dangerous to life and limb as if the robber had originally intended to kill or maim the party robbed." 11 Allen at 23. See *Commonwealth* v. *Tarrant,* 367 Mass. at 415. Whether the dangerous weapon remains sheathed will often be dependent on the reaction of the intended victim or bystanders. The mere presence of the weapon is, in a real sense, a use of the weapon in the commission of the robbery, as a reserve in the event it should be needed. A weapon present but not employed is as much a part of a robbery as the presence of accomplices who stand in reserve ready to assist if needed.

We think that one who commits a robbery while armed with a firearm, using it only in the sense of an available reserve if needed, is nevertheless "using" the weapon in the commission of a felony within the meaning of G. L. c. 265, § 18B. However, we hold that, as a matter of law, the crime of armed robbery is a crime "consisting . . . in part of using a dangerous weapon" and is thus within the exception clause of § 18B.

Other courts have reached a similar result, even without an exception comparable to that in § 18B. See *Simpson* v. *United States,* 435 U.S. 6 (1978); *Busic* v. *United States,* 446 U.S. 398 (1980); *In re Shull,* 23 Cal. 2d 745, 749-752 (1944); *People* v. *Floyd,* 71 Cal. 2d 879, 883 (1969); *State* v. *Hudson,* 562 S.W.2d 416, 419 (Tenn. 1978).[6] The obvious purpose of the general penalty-enhancement statutes considered in these cases is to punish the underlying felonies more severely where a firearm is involved. Where the underlying felonies are so defined that the involvement of a weapon is made an aggravating circumstance, subjecting the perpetrator to enhanced penalties independently from the effect of a general penalty-enhancement statute, courts have required an explicit statement of legislative intent before allowing the penalties authorized by

---

[6] A subsequent amendment to the penalty-enhancement statute in California led to a different result in *People* v. *Chambers,* 7 Cal. 3d 666 (1972).

the general statute "to be pyramided upon a sentence already enhanced under [the statute defining the underlying felony]." *Simpson* v. *United States,* 435 U.S. at 14.

The same policy should apply to our construction of the exception in § 18B. By phrasing the exception in terms of "dangerous weapon[s]," the Legislature has indicated that their intention was to avoid pyramiding penalties, not only with respect to firearms statutes, but with respect to the large class of offenses where the involvement of a dangerous weapon is made an aggravating element of the offense. In a general sense all such offenses may be said to involve the "use" of a dangerous weapon. The exception in § 18B may be so read. "[D]oubt will be resolved against turning a single transaction into multiple offenses." *Bell* v. *United States,* 349 U.S. 81, 84 (1955), quoted in *Simpson* v. *United States,* 435 U.S. at 15. An exception comparable to that in § 18B was similarly construed in *Fowler* v. *State,* 375 So. 2d 879, 880 (Fla. Dist. Ct. App. 1979), and *Pooley* v. *State,* 403 So. 2d 593, 594 (Fla. Dist. Ct. App. 1981).

Without impugning in any way the correctness of the judge's order denying the motion on the grounds argued to him, we conclude for the reasons stated that the order must be reversed and a new order entered allowing the motion. The judgment on the § 18B indictment is to be reversed, the guilty finding on that charge vacated, and the indictment dismissed.

*So ordered.*