**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

PAUL EDWARD PARNELL,
*Defendant-Appellant.*

No. 14-30208

D.C. No.
1:13-cr-00030-BLW-1

OPINION

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted
March 10, 2016—Portland, Oregon

Filed April 12, 2016

Before: Raymond C. Fisher, Marsha S. Berzon
and Paul J. Watford, Circuit Judges.

Opinion by Judge Fisher;
Concurrence by Judge Watford

# SUMMARY*

### Criminal Law

Vacating a sentence and remanding for resentencing, the panel held that armed robbery under Massachusetts law does not have "as an element the use, attempted use, or threatened use of physical force against the person of another," and therefore, under the categorical approach, does not qualify as a predicate violent felony under the Armed Career Criminal Act's force clause.

The panel affirmed the defendant's conviction in a concurrently filed memorandum disposition.

Concurring, Judge Watford wrote that the court's conclusion is compelled by two oddities of Massachusetts law:  that Massachusetts has abandoned the traditional common-law definition of robbery requiring use of violence or intimidation; and that for armed robbery, the weapon need not play any role in the offense and the victim need not be aware of the weapon's existence.

## COUNSEL

Robert K. Schwarz (argued) and Melissa Winberg, Federal Defender Services of Idaho, Boise, Idaho, for Defendant-Appellant.

---

* This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

Wendy J. Olson, United States Attorney, Christian S. Nafzger, Assistant United States Attorney, and Joshua D. Hurwit (argued), District of Idaho, Boise, Idaho, for Plaintiff-Appellee.

## OPINION

FISHER, Circuit Judge:

Paul Edward Parnell was found guilty of unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1).[1] The government sought an enhanced penalty under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), which provides that a person who violates § 922(g) and who "has three previous convictions" for a "violent felony" shall be imprisoned for a minimum of 15 years and a maximum of life. 18 U.S.C. § 924(e). A "violent felony" is defined as "any crime punishable by imprisonment for a term exceeding one year" that "(i) *has as an element the use, attempted use, or threatened use of physical force against the person of another*; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B) (emphasis added). Under § 924(e)(2)(B)(i), known as the force clause, "the phrase 'physical force' means *violent* force – that is, force capable of causing physical pain

---

[1] *See* 18 U.S.C. § 922(g)(1) ("It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.").

or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

The district court concluded Parnell qualifies as an armed career criminal based in part on his 1990 conviction for armed robbery. *See* Mass. Gen. Laws Ann. ch. 265, § 17. Parnell argues this offense does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." We agree.

## DISCUSSION

We review de novo a district court's conclusion that a prior conviction is a predicate offense under ACCA. *See United States v. Snyder*, 643 F.3d 694, 696 (9th Cir. 2011). "To determine whether a prior conviction qualifies as a violent felony under 18 U.S.C. § 924(e), we apply the 'categorical approach' outlined by the Supreme Court in *Taylor v. United States*, 495 U.S. 575 (1990)." *United States v. Jennings*, 515 F.3d 980, 987 (9th Cir. 2008). "Under that approach, we initially evaluate whether a defendant's prior conviction corresponds to an offense enumerated as a violent felony in § 924(e)(2) by examining only 'the fact of conviction and the statutory definition of the prior offense.'" *Id.* (quoting *Taylor*, 495 U.S. at 602). "Where the statute of conviction is overinclusive, criminalizing some conduct that would qualify as a predicate offense and other conduct that would not, *Taylor* authorizes courts to 'go beyond the mere fact of conviction in a narrow range of cases where a jury was actually required to find all the elements of the enumerated offense.'" *Id.* (alteration omitted) (quoting *Taylor*, 495 U.S. at 602). "In such cases, we employ the 'modified categorical approach' and examine the charging paper and jury instructions to determine whether the defendant was

necessarily convicted of an offense corresponding to one listed in § 924(e)(2)." *Id.* Only in the case of a divisible statute, however, does the modified categorical approach apply. *See Ramirez v. Lynch*, 810 F.3d 1127, 1131 (9th Cir. 2016) (citing *Descamps v. United States*, 133 S. Ct. 2276, 2283–85 (2013)). Here, we hold Parnell's conviction for armed robbery does not qualify as a violent felony under the categorical approach.

For an individual to be convicted of armed robbery under Massachusetts law, Mass. Gen. Laws Ann. ch. 265, § 17, the jury must find the defendant (1) committed a robbery (2) while in possession of a weapon. *See King v. MacEachern*, 665 F.3d 247, 253 (1st Cir. 2011) (citing *Commonwealth v. Tevlin*, 741 N.E.2d 827, 833 (Mass. 2001)).[2]

To satisfy the first element, a robbery can be committed in one of two ways: (1) "by force and violence" (i.e., the actual force prong) or (2) "by assault and putting in fear" (i.e., the constructive force prong). Mass. Gen. Laws Ann. ch. 265, § 19(b).[3] Under either prong, "the degree of force is

---

[2] *See* Mass. Gen. Laws Ann. ch. 265, § 17 ("Whoever, being armed with a dangerous weapon, assaults another and robs, steals or takes from his person money or other property which may be the subject of larceny shall be punished by imprisonment in the state prison for life or for any term of years . . . .").

[3] *See* Mass. Gen. Laws Ann. ch. 265, § 19(b) ("Whoever, not being armed with a dangerous weapon, by force and violence, or by assault and putting in fear, robs, steals or takes from the person of another, or from his immediate control, money or other property which may be the subject of larceny, shall be punished by imprisonment in the state prison for life or for any term of years.").

immaterial so long as it is sufficient to obtain the victim's property 'against his will.'" *Commonwealth v. Jones*, 283 N.E.2d 840, 843 (Mass. 1972) (quoting Mass. Gen. Laws Ann. ch. 277, § 39). "[S]o long as the victim is aware of the application of force which relieves him of his property . . . , the requisite degree of force is present to make the crime robbery." *Id.* at 844–45. The offense need not involve resistance by the victim. *See id.* at 844 (recognizing but declining to follow the majority rule, under which "snatching does not involve sufficient force to constitute robbery, unless the victim resists the taking or sustains physical injury, or unless the article taken is so attached to the victim's clothing as to afford resistance"). Under the actual force prong, moreover, it is not necessary that the victim be placed in fear. *See id.* at 843; *Commonwealth v. Brown*, 318 N.E.2d 486, 487 (Mass. App. Ct. 1974).

To satisfy the second element of armed robbery, the defendant must possess a dangerous weapon during the commission of the offense. The weapon, however, need not be "fired, employed to effectuate the robbery, used in a threatening manner, or even generally or openly displayed." *King*, 665 F.3d at 253. Nor need the victim be aware of the weapon's presence. *See Commonwealth v. Goldman*, 367 N.E.2d 1181, 1182 (Mass. App. Ct. 1977).

We agree with Parnell that the force required by the actual force prong of robbery under Massachusetts law does not satisfy the requirement of physical force under § 924(e)(2)(B)(i) – "force capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. Because the "*degree* of force is immaterial," *Jones*, 283 N.E.2d at 843 (emphasis added), *accord Commonwealth v. Joyner*, 4 N.E.3d 282, 293 (Mass. 2014), any force,

however slight, will satisfy this prong so long as the victim is aware of it.  Such force is insufficient under *Johnson*.

Purse snatching cases upon which Parnell relies demonstrate the Massachusetts statute does apply to minimal, nonviolent force.  In *Jones*, 283 N.E.2d at 842, for example, the defendant simply grabbed the victim's pocketbook from her arm.  The victim explained:  "I really couldn't tell you what he did.  All I knew he was standing there.  Next thing I knew, I felt something off my arm.  I realized my bag was gone."  *Id.*  The court held this testimony proved sufficient force to satisfy the statute, because "[s]natching necessarily involves the exercise of *some* actual force."  *Id.* at 845 (emphasis added).  The court held "where, as here, the actual force used is *sufficient to produce awareness*, although the action may be so swift as to leave the victim momentarily in a dazed condition, the requisite degree of force is present to make the crime robbery."  *Id.* (emphasis added).  Similarly, in *Brown*, 318 N.E.2d at 487, the defendant was convicted of robbery where he merely snatched a small purse the victim was holding in her hand, touching neither her hand nor her body.  The court held "the pulling of a purse from a victim's hand constituted sufficient force to satisfy the 'by force and violence' alternative of the statutory definition" of robbery.  *Id.*[4]

Under our case law applying *Johnson*, this level of force – the snatching of a purse from a victim's hand – does not

---

[4] *Jones* and *Brown* also show there exists a realistic probability, not merely a theoretical possibility, that Massachusetts would apply its robbery and armed robbery statutes to conduct falling outside ACCA's violent felony definition.  *See Ramirez*, 810 F.3d at 1131 (citing *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)).

constitute force "capable of causing physical pain or injury to another person." *Johnson*, 559 U.S. at 140. In *United States v. Dominguez-Maroyoqui*, 748 F.3d 918, 921 (9th Cir. 2014), for example, we held the crime of assaulting a federal officer was not a crime of violence under *Johnson* because it reached conduct such as chasing a prosecutor down the street and bumping into him, walking up to a prosecutor and jolting her arm and shoulder, grabbing a wildlife agent's jacket or spitting in a mail carrier's face. Similarly, in *United States v. Flores-Cordero*, 723 F.3d 1085, 1087–88 (9th Cir. 2013) (as amended), we held Arizona's crime of resisting arrest was not a crime of violence under *Johnson* because it reached conduct such as a "minor scuffle" in which a defendant kicked at officers who were attempting to place her in handcuffs. If the level of force in *Dominguez-Maroyoqui* and *Flores-Cordero* was not capable of causing physical pain or injury, then neither is the snatching of a purse from a victim's hand.

At oral argument, the government contended the armed robbery offense nonetheless satisfies the force clause because it encompasses a willingness to inflict bodily injury on a resisting victim if necessary. *See Jones*, 283 N.E. 2d at 844. The Massachusetts cases do not require proof of a willingness to use such force. But even if they did, the force clause requires the actual, attempted or *threatened* use of physical force, *see* 18 U.S.C. § 924(e)(2)(B)(i), not a mere uncommunicated willingness or readiness to use such force. A willingness to use violent force is not the same as a threat to do so. The latter requires some outward expression or indication of an intention to inflict pain, harm or punishment. *See Threat* and *Threaten*, *Webster's Third New International Dictionary* 2382 (2002); *Threat* and *Threaten*, *Am. Heritage Dictionary of the English Language* 1813 (5th ed. 2011);

*Threat*, *Black's Law Dictionary* (10th ed. 2014). The former does not.

For similar reasons, we are not persuaded a simple snatching necessarily entails an implied threat to use violent force to overcome a victim's potential resistance. Although some snatchers are prepared to use violent force to overcome resistance, others are not. Notably, a defendant can be convicted of robbery in Massachusetts even if the victim is not placed in fear. *See Jones*, 283 N.E.2d at 843; *Brown*, 318 N.E.2d at 487; 14A *Mass. Prac., Summary of Basic Law* § 7:217 (5th ed. 2015). If every robbery involved an implied threat of violent force, every victim would be placed in fear. This, obviously, is not the case under Massachusetts law.

By its very nature, of course, armed robbery is a serious and dangerous crime. The possession of a dangerous weapon may indicate a robber's willingness to use that weapon if necessary to accomplish the criminal undertaking. *See Goldman*, 367 N.E.2d at 1182. The mere fact an individual is armed, however, does not mean he or she has used the weapon, or threatened to use it, in any way. *See United States v. Werle*, No. 14-30189, 2016 WL 828132, at *5 (9th Cir. Mar. 3, 2016). As noted, the Massachusetts statute does not require a weapon be used or displayed, or even that the victim be aware of it. *See King*, 665 F.3d at 253; *Goldman*, 367 N.E.2d at1182. There is a material difference between the presence of a weapon, which produces a *risk* of violent force, and the actual or threatened use of such force. Only the latter falls within ACCA's force clause. Offenses presenting only a risk of violence fall within ACCA's residual clause, *see* 18 U.S.C. § 924(e)(2)(B)(ii) (defining a violent felony to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to

another"), which, as the government concedes, does not apply here. *See Johnson v. United States*, 135 S. Ct. 2551, 2563 (2015) (holding the residual clause is unconstitutionally vague and, hence, imposing an increased sentence under the residual clause violates the Constitution's guarantee of due process). Nor can we presume an implied threat to use a weapon from a defendant's mere possession of it. As we explained in *Werle*, 2016 WL 828132, at *5, "a defendant could be convicted of felony riot if there was a knife in his pocket or a gun within his reach but he did not use or threaten to use physical force. This would not qualify as a crime of violence under the ACCA." The mere possession of a weapon, therefore, does not bring Massachusetts' armed robbery statute within ACCA's force clause.

We acknowledge the First Circuit's holding in *United States v. Luna*, 649 F.3d 91 (1st Cir. 2011). Addressing the same Massachusetts armed robbery statute at issue here, *Luna* held the statute satisfied the force clause because the defendant had "provided no reason for us to conclude that the type of force involved in armed robbery is not 'violent force – that is, force capable of causing physical pain or injury,' and we see no reason to do so." *Id.* at 108–09 (citation omitted) (quoting *Johnson*, 559 U.S. at 140). *Luna*, however, does not carry significant persuasive weight. The court's discussion of the *Johnson* issue consists of only a single sentence, provides no reasoning and makes no mention of the Massachusetts case law deeming the degree of force immaterial to a conviction for armed robbery.

We are instead persuaded by the First Circuit's more thorough and well-reasoned analysis in *United States v. Castro-Vazquez*, 802 F.3d 28 (1st Cir. 2015). The defendant there had a prior conviction under Puerto Rico's robbery

statute, which criminalizes a person's "unlawfully taking personal property belonging to another in the immediate presence of said person and against his/her will by means of violence or intimidation." *Id.* at 37 (alteration omitted) (quoting P.R. Laws Ann. tit. 33, § 4826) (internal quotation marks omitted). Assuming "violence is defined under Puerto Rico law to include the slightest use of force," the First Circuit held "the prior offense would fall short of the . . . requirement that the offense include an element of 'physical force,' which is defined as '*violent* force – that is, force capable of causing physical pain or injury to another person.'" *Id. Castro-Vazquez* is analogous to this case and persuasive. *See also United States v. Dunlap*, No. 1:14-CR-00406-AA, 2016 WL 591757, at *5, ___ F. Supp. 3d ___, ___ (D. Or. Feb. 12, 2016) (holding a conviction for robbery under Oregon Revised Statutes § 164.395(1), which "requires only minimal force," does not satisfy *Johnson*, 559 U.S. 133).

In sum, because the degree of force required to commit armed robbery in Massachusetts is immaterial so long as the victim is aware of it, Massachusetts' armed robbery statute does not have "as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). Under the categorical approach, therefore, a conviction under the Massachusetts statute does not qualify as a violent felony under ACCA's force clause. The government does not argue Parnell's conviction falls under § 924(e)(2)(B)(ii) or that the modified categorical approach applies. Accordingly, we hold Parnell's 1990 armed robbery conviction does not qualify as a predicate conviction for purposes of a sentencing enhancement under ACCA.

Given that neither this conviction nor Parnell's 1989 conviction for assault and battery by dangerous weapon qualifies as a violent felony, the district court erred by sentencing Parnell as an armed career offender under § 924(e).[5]  We therefore vacate Parnell's sentence and remand for resentencing.  Because we vacate Parnell's sentence on this ground, we need not address his contention regarding the government's improper argument at sentencing.

## CONCLUSION

For the reasons stated in a concurrently filed memorandum disposition, we affirm Parnell's conviction. For the reasons stated here, we vacate Parnell's sentence and remand for resentencing.

**AFFIRMED IN PART; VACATED IN PART; REMANDED.**

---

[5] Parnell argues, and the government does not dispute, that his 1989 conviction for assault and battery by dangerous weapon (ABDW), *see* Mass. Gen. Laws Ann. ch. 265, § 15A, does not qualify as a violent felony.  Under Massachusetts law, an ABDW conviction may be predicated on a reckless act causing physical or bodily injury to another. *See Commonwealth v. Burno*, 487 N.E.2d 1366, 1368–69 (Mass. 1986); *see also United States v. Fish*, 758 F.3d 1, 10 (1st Cir. 2014); *United States v. Hart*, 674 F.3d 33, 41–43 & nn.7–8 (1st Cir. 2012).  We have held, however, that the ACCA's force clause reaches only offenses requiring the intentional use of force.  *See United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015); *United States v. Lawrence*, 627 F.3d 1281, 1284 (9th Cir. 2010).  The district court therefore erred by relying on Parnell's ABDW conviction as an ACCA predicate.

WATFORD, Circuit Judge, concurring:

I join the court's opinion in full, although I confess I was initially inclined to affirm the sentence. The notion that robbery is not a "violent felony," as that term is defined in the Armed Career Criminal Act (ACCA), strikes me as counterintuitive to say the least. Holding that *armed* robbery doesn't qualify as a violent felony seems even more absurd. But, as the court's opinion persuasively explains, that conclusion is compelled by two oddities of Massachusetts law.

The first is that Massachusetts has abandoned the traditional common-law definition of robbery. To distinguish robbery from larceny, the common law required more than just stealing property from the person of another. To commit robbery, the defendant also had to use violence or intimidation to coerce the victim into parting with his property. *See* 3 Wayne R. LaFave, Substantive Criminal Law § 20.3, at 173, 181–89 (2d ed. 2003). In Massachusetts, however, a defendant may be convicted of robbery without using violence or intimidation of any sort. *See Commonwealth v. Jones*, 283 N.E.2d 840, 843–45 (Mass. 1972). It's enough, for example, if the defendant sneaks up behind the victim and snatches a purse from her hand without so much as touching the victim or doing anything to put her in fear beforehand. *Commonwealth v. Brown*, 318 N.E.2d 486, 487 (Mass. App. Ct. 1974).

The second oddity is this: In Massachusetts, *armed* robbery consists of robbery (as defined above) while in possession of a dangerous weapon. The weapon need not play any role in the offense, as is often required in other States, and the victim need not even be aware of the weapon's

existence. *See, e.g.*, *Commonwealth v. Rogers*, 945 N.E.2d 295, 301 n.6 (Mass. 2011); *Commonwealth v. Goldman*, 367 N.E.2d 1181, 1182 (Mass. App. Ct. 1977). Thus, the same purse-snatcher described above is guilty of armed robbery under Massachusetts law so long as he has a gun concealed on his person—even if the victim never learns of the gun's presence, and even if the gun plays no role in facilitating the crime. So again, strange as it may seem, in Massachusetts a defendant can be found guilty of armed robbery without using or threatening to use any violence whatsoever.

The conduct encompassed by Massachusetts' armed robbery statute surely falls within the scope of the ACCA's so-called residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). But that clause is no longer valid. *Johnson v. United States*, 135 S. Ct. 2551 (2015). To qualify now as a violent felony, armed robbery must have as an element the use, attempted use, or threatened use of violent physical force. 18 U.S.C. § 924(e)(2)(B)(i). That is not the case under Massachusetts law, so Parnell's prior armed robbery conviction cannot serve as the basis for an enhanced sentence under the ACCA.