WATFORD, Circuit Judge,
concurring:
I join the court’s opinion in full, although I confess I was initially inclined to affirm the sentence. The notion that robbery is not a “violent felony,” as that term is defined in the Armed Career Criminal Act (ACCA), strikes me as counterintuitive to say the least. Holding that armed robbery doesn’t qualify as a violent felony seems even more absurd. But, as the court’s opinion persuasively explains, that conclusion is compelled by two oddities of Massachusetts law.
The first is that Massachusetts has abandoned the traditional common-law definition of robbery. To distinguish robbery from larceny, the common law required more than just stealing property from the person of another. To commit robbery, the defendant also had to use violence or intimidation to coerce the victim into parting with his property. See 3 Wayne R. LaFave, Substantive Criminal Law § 20.3, at 173, 181-89 (2d ed. 2003). In Massachusetts, however, a defendant may be convicted of robbery without using violence or intimidation of any sort. See Commonwealth v. Jones, 362 Mass. 83, 283 N.E.2d 840, 843-45 (1972). It’s enough, for example, if the defendant sneaks up behind the victim and snatches a purse from her hand without so much as touching the victim or doing anything to put her in fear beforehand. Commonwealth v. Brown, 2 Mass.App.Ct. 883, 318 N.E.2d 486, 487 (1974).
The second oddity is this: In Massachusetts, armed robbery consists of robbery (as defined above) while in possession of a dangerous weapon. The weapon need not play any role in the offense, as is often required in other States, and the victim need not even be aware of the weapon’s existence. See, e.g., Commonwealth v. Rogers, 459 Mass. 249, 945 N.E.2d 295, 301 n. 6 (2011); Commonwealth v. Goldman, 5 Mass.App.Ct. 635, 367 N.E.2d 1181, 1182 (1977). Thus, the same purse-snatcher described above is guilty of armed robbery under Massachusetts law so long as he has a gun concealed on his person — even if the victim never learns of the gun’s presence, and even if the gun plays no role in facilitating the crime. So again, strange as it may seem, in Massachusetts a defendant can be found guilty of armed robbery without using or threatening to use any violence whatsoever.
The conduct encompassed by Massachusetts’ armed robbery statute surely falls within the scope of the ACCA’s so-called residual clause, 18 U.S.C. § 924(e)(2)(B)(ii). But that clause is no longer valid. Johnson v. United States, *983 — U.S. -, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). To qualify now as a violent felony, armed robbery must have as an element the use, attempted use, or threatened use of violent physical force. 18 U.S.C. § 924(e)(2)(B)(i). That.is not the case under Massachusetts law, so Parnell’s prior armed robbery conviction cannot serve as the basis for.an enhanced sentence under the ACCA.