NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13827


DOMINGO AGOSTINI  vs.  COMMONWEALTH.



Suffolk.      November 5, 2025. – March 10, 2026.

Present:  Budd, C.J., Gaziano, Kafker, Wendlandt, Georges,
Dewar, & Wolohojian, JJ.


Pretrial Detention.  Robbery.  Dangerous Weapon.  Statute,
Construction.  Moot Question.



Civil action commenced in the Supreme Judicial Court for
the county of Suffolk on September 15, 2025.

The case was reported by Gaziano, J.


Haylie Jacobson, Committee for Public Counsel Services
(Jennifer Magaw, Committee for Public Counsel Services, also
present) for the petitioner.
Rachel J. Eisenhaure, Assistant District Attorney, for the
Commonwealth.


GAZIANO, J.  Under G. L. c. 276, § 58A (§ 58A), the

Commonwealth may seek pretrial detention of a criminal defendant

charged with certain predicate crimes where the defendant poses

a danger to the safety of any other person or the community.

The list of predicate crimes includes any felony offense that

has as an element "the use, attempted use or threatened use of physical force against the person of another," under the so-called force clause. G. L. c. 276, § 58A (1). The question in this case is whether armed robbery, G. L. c. 265, § 17 (§ 17), qualifies as a predicate offense under § 58A's force clause. This requires an application of our categorical approach, where we look at the definition of the crime, not the particular facts presented, to determine the type of conduct criminalized by the statute. See Commonwealth v. Vieira, 483 Mass. 417, 422 (2019). We conclude that, because armed robbery may be committed through the application of minimal physical force (such as a purse snatching), and without the display or otherwise use of a weapon, armed robbery is not a predicate offense under the force clause of § 58A.

1. Background. The following is taken from the parties' agreed-upon statement of facts. See Vieira, 483 Mass. at 418.

On August 18, 2025, a District Court complaint was issued charging the defendant, Domingo Agostini, with one count of armed robbery, G. L. c. 265, § 17, and one count of bomb/hijack threat, G. L. c. 269, § 14 (b).[1] The complaint application alleged that the defendant entered a bank on August 18 and

---

[1] Although Domingo Agostini commenced this action by filing a petition in the county court, for convenience, we refer to him as the defendant.

showed a teller a ripped piece of a brown paper bag with "I have a bomb" written on it.  It did not allege that the teller observed a bomb or any other weapon.

The complaint application further alleged that after the teller gave the defendant money with a dye pack, the defendant walked out of the bank and ran toward his car, at which point the dye pack burst and at least some of the money was abandoned. The defendant drove away, and shortly thereafter several people found money covered in red dye on the ground nearby.  The defendant was arrested about three and one-half hours later.

Upon the defendant's August 27 District Court arraignment, the Commonwealth filed a motion for pretrial detention under § 58A.  The defendant was held without bail pending a hearing on that motion.

A hearing was held on September 2, and defense counsel argued that neither of the charged offenses qualified as a predicate offense under § 58A's force clause.  A District Court judge ordered the defendant held without bail, listing both armed robbery and bomb/hijack threat as predicate offenses under § 58A.

On September 4, the defendant filed a petition for review of the decision in the Superior Court.  See G. L. c. 276, § 58A (7).  During a September 8 hearing, defense counsel again argued that neither charge was a predicate offense under § 58A.

A Superior Court judge took the matter under advisement and ordered the defendant held without bail, citing only armed robbery as a predicate offense under § 58A.[2]

On September 15, the defendant filed an emergency petition for relief in the county court pursuant to G. L. c. 211, § 3, in which he asked a single justice to vacate the pretrial detention orders. On September 25, the single justice reserved and reported the case to the full court.

On January 8, 2026, while this appeal was pending, the defendant pleaded guilty to the underlying criminal charges and received two concurrent sentences of from two to four years in State prison. Thus, he is no longer detained pursuant to § 58A. Because the defendant's only request for relief in this appeal is to vacate his pretrial detention order, and he is no longer being held in pretrial detention, his appeal is moot. See Commonwealth v. Murchison, 428 Mass. 303, 305 (1998). Nonetheless, we exercise our discretion to address the issue in this case, as "it is important to the administration of G. L. c. 276, § 58A, and is likely to recur, yet evade appellate review." Commonwealth v. Dayton, 477 Mass. 224, 225 n.1 (2017).

---

[2] The Commonwealth concedes that the crime of bomb/hijack threat, G. L. c. 269, § 14 (b), does not qualify as a predicate offense permitting pretrial detention under § 58A.

2. Discussion. a. Pretrial detention under § 58A. "The Fourteenth Amendment to the United States Constitution and arts. 1, 10, and 12 of the Massachusetts Declaration of Rights establish a fundamental right to liberty and freedom from physical restraint that cannot be curtailed without due process of law." Brangan v. Commonwealth, 477 Mass. 691, 702 (2017). "[I]n certain limited circumstances a judge may properly detain a defendant before trial, where such detention is demonstrably necessary to ensure the defendant's appearance at future proceedings or to protect public safety." Id. at 703. However, "liberty is the norm, and detention prior to trial or without trial is the carefully limited exception" (citation omitted). Aime v. Commonwealth, 414 Mass. 667, 677 (1993).

When the Commonwealth seeks pretrial detention of a defendant under § 58A, the threshold question is whether the defendant has been charged with committing any of the statute's predicate offenses. See Commonwealth v. Escobar, 490 Mass. 488, 492 (2022). "If no predicate offense has been charged, a defendant may not be placed in pretrial detention under [§ 58A]." Vieira, 483 Mass. at 421.

To qualify as a predicate offense, a crime must either be specifically enumerated in § 58A or fall within at least one of the statute's broader categories. See Scione v. Commonwealth, 481 Mass. 225, 227 (2019). See, e.g., Vega v. Commonwealth, 490

Mass. 226, 234-235 (2022) (unlawful possession of firearm is enumerated predicate offense warranting § 58A pretrial detention). Armed robbery, G. L. c. 265, § 17, is not among the crimes expressly enumerated as a predicate offense under § 58A. See G. L. c. 276, § 58A. There are two viable categories of unenumerated predicate offenses under § 58A: (1) any felony that, pursuant to the statute's force clause, "has as an element of the offense the use, attempted use or threatened use of physical force against the person of another"; and (2) any misdemeanor or felony that, pursuant to the statute's abuse clause, "involv[es] abuse as defined in [G. L. c. 209A, § 1]."[3] G. L. c. 276, § 58A (1). See Scione, 481 Mass. at 232. Only the force clause is relevant here.

"In determining whether a crime qualifies under the force clause of [§ 58A], we take a categorical approach" (quotation omitted). Campbell v. Commonwealth, 494 Mass. 750, 753 (2024), quoting Vieira, 483 Mass. at 422. Under the categorical approach, a crime constitutes a predicate offense "if, and only if, the elements of the offense always fall within the ambit of

---

[3] In Scione, 481 Mass. at 232, we determined that the residual cause, which provided a third category of predicate offense under § 58A, was unconstitutionally vague. This leaves "only two pathways by which an offense not otherwise listed in § 58A may qualify as a predicate offense." Campbell, 494 Mass. at 753.

the force clause." Escobar, 490 Mass. at 496. That is, we "look at the definition of the crime, rather than the facts of any one particular case," Vieira, supra, to determine whether all conduct criminalized by the statute -- including "the most innocent conduct" -- falls within the force clause (citation omitted), Campbell, supra at 754. This "strict elements-based approach" is appropriate because a defendant has no right to a trial by jury for a determination of dangerousness under § 58A. Vieira, supra.

Applying the categorical approach, we have determined that a crime does not necessarily fall within the force clause simply because it requires some degree of physical contact. See Vieira, 483 Mass. at 424. For example, in Vieira, we held that when based on an offensive battery, the crime of indecent assault and battery on a child does not qualify as a predicate offense under the force clause because the most innocent conduct criminalized by the relevant statute included "de minimis touchings" (citation omitted). Id. at 424-427. Additionally, we have held that statutory rape -- distinct from forcible rape of a child -- is not a predicate offense under the force clause. See Scione, 481 Mass. at 228-230. Conversely, in Campbell, 494 Mass. at 750, we determined that rape is a predicate offense under the force clause because it "is a crime of physical

violence requiring unwanted forceful penetration of another person."

b. Armed robbery. General Laws c. 265, § 17, provides that it is a crime for any person "armed with a dangerous weapon" to "assault[] another and rob[], steal[] or take[] from his person money or other property which may be the subject of larceny." To prove armed robbery, the Commonwealth is required to establish that the defendant "(1) was armed with a dangerous weapon; (2) either applied actual force or violence to the body of the [victim] . . . or by words or gestures put [that person] in fear; (3) took the money or the property of another; and (4) did so with the intent (or sharing the intent) to steal it" (citation omitted). Commonwealth v. Souza, 494 Mass. 705, 721 (2024).

We must determine whether these elements require the "use, attempted use or threatened use of physical force" against another person. G. L. c. 276, § 58A (1). We first examine the element of actual or constructive force and then consider the element of being armed with a dangerous weapon.

i. Force. An individual may commit armed robbery by "force applied to the person" (actual force) or by "an assault putting the person in fear" (constructive force). Commonwealth v. Joyner, 467 Mass. 176, 187 (2014), quoting Commonwealth v. Richards, 363 Mass. 299, 302 (1973). Importantly, "[w]hether

actual or constructive force is employed, the degree of force is immaterial so long as it is sufficient to obtain the victim's property against his will" (quotation and citation omitted). Commonwealth v. Jones, 362 Mass. 83, 87 (1972). See Commonwealth v. Mora, 477 Mass. 399, 407 (2017) ("as long as the victim is aware of the application of force which relieves him of his property, . . . the requisite degree of force is present to make the crime robbery" [quotation and citation omitted]).

We have previously considered the level of force necessary to distinguish robbery, G. L. c. 265, § 19, from larceny, which provides guidance here. See Jones, 362 Mass. at 85-90. In Jones, a purse snatching case, we noted that "[t]he exertion of force, actual or constructive, [is] the principal distinguishing characteristic of [robbery]." Id. at 86. The Jones court rejected the defendant's proposed interpretation that a "snatching or sudden taking of property . . . does not involve sufficient force to constitute robbery, unless the victim resists the taking or sustains physical injury." Id. at 87-88. Instead, we held that where "the actual force used is sufficient to produce [the victim's] awareness, . . . the requisite degree of force is present to make the crime robbery," even if it is "so quick as to deny the victim any opportunity to resist." Id. at 89. See Commonwealth v. Santos, 440 Mass. 281, 291 (2003), overruled on other grounds by Commonwealth v. Anderson, 461

Mass. 616, cert. denied, 568 U.S. 946 (2012) (noting that "snatching" can constitute sufficient "force" to transform crime into robbery).  Beyond that, as previously noted, "the degree of force is immaterial."  Jones, supra at 87.

Our holding in Jones "depart[ed] from the [majority] rule, under which robbery requires some resistance by or injury to the victim."  United States v. Starks, 861 F.3d 306, 319 (1st Cir. 2017).  See 3 W.R. LaFave, Substantive Criminal Law § 20.3(d)(1), at 235 (3d ed. 2018) (noting Massachusetts robbery rule did not follow "[t]he great weight of authority" requiring force necessary to overcome victim's resistance).  See also Martin v. State, 100 Fla. 16, 20 (1930) (Florida robbery conviction requires force "actually sufficient to overcome the victim's resistance"); People v. Patton, 76 Ill. 2d 45, 52 (1979) (snatching "without any sensible or material violence to the person" is theft, not robbery [citation omitted]); State v. Sein, 124 N.J. 209, 217 (1991) ("robbery requires more force than that necessary merely to snatch the object" without "injury, threat, struggle, or attempted resistance"); Model Penal Code § 222.1(1) (Official Draft and Revised Comments 1980) (defining robbery as requiring defendant to "inflict[] serious bodily injury upon another" or "threaten[] another with or purposely put[] him in fear of immediate serious bodily injury").

Here, although robbery may require physical contact to remove property from someone else, the "most innocent" version of robbery can include minor physical contact, such as purse snatching. See Jones, 362 Mass. at 87. Because the "degree of force is immaterial" to sustain a robbery conviction, id., the crime of robbery alone does not fall within § 58A's force clause, see Campbell, 494 Mass. at 755 ("'physical force' [under § 58A] entails 'a degree of [physical] power that would not be satisfied by the merest touching'"); Vieira, 483 Mass. at 424 (even if offense "requires physical contact or touching," it does not necessarily require use of "physical force" under § 58A's force clause).

In arguing to the contrary, the Commonwealth analogizes armed robbery to a different offense that falls within the force clause -- rape. See Campbell, 494 Mass. at 759. In support, the Commonwealth cites Commonwealth v. Caracciola, 409 Mass. 648 (1991), a case concerning whether an alleged threat of force was sufficient to support an indictment for rape under G. L. c. 265, § 22 (b) (§ 22). In analyzing § 22's statutory force requirement, we noted that "[b]ecause robbery and rape are both crimes of violence, there is no reason to conclude the Legislature assigned a different, more limited meaning to the word 'force' in the rape statute from its meaning in the robbery statute." Caracciola, supra at 652. The Commonwealth argues

that because we compared rape to robbery in Caracciola, and then later held that § 22 is a predicate offense warranting pretrial detention under § 58A's force clause, see Campbell, supra at 750, we should hold that robbery is also a predicate offense under § 58A. We disagree.

After Caracciola, 409 Mass. 648, we directly addressed whether § 22 rape is a predicate offense under § 58A's force clause. See Campbell, 494 Mass. at 750-762. We held that rape falls within § 58A's force clause specifically because of the inherent violence of nonconsensual sexual penetration. Id. at 757. "[T]he most innocent conduct criminalized by § 22 still entails forceful penetration against the will of the victim. The violence inherent in forced penetration under § 22, regardless of its extent or the way in which it is accomplished, differentiates rape from the merest touching" (quotations and citations omitted). Id. at 759. We accordingly "reject[ed] the notion of a nonviolent forcible rape." Id. at 762. The crime of armed robbery, by contrast, may be committed without any such force.

ii. Armed with a dangerous weapon. Armed robbery also requires that a defendant be "armed with a dangerous weapon." G. L. c. 265, § 17. The Commonwealth is not required to prove that a defendant "used or displayed the dangerous weapon during the robbery." Anderson, 461 Mass. at 633. "[I]t is sufficient

that . . . the robber possessed the dangerous weapon during the robbery." Id. See Commonwealth v. Nickologines, 322 Mass. 274, 277 (1948) ("It is not necessary to show the use of a dangerous weapon in proving the offence of robbery while armed. The gist of the offence is being armed, not the use of the weapon"). The victim also does not need to fear, or even be aware of, the weapon during the robbery. See Commonwealth v. Rogers, 459 Mass. 249, 253 n.6, cert. denied, 565 U.S. 1080 (2011) ("the perpetrator need not display the weapon or otherwise make the victim aware of its presence").

Armed robbery is an aggravated form of robbery because the presence of a dangerous weapon escalates the risk that violent physical force will be used. See Commonwealth v. Tarrant, 367 Mass. 411, 415 (1975) ("it is not only the actual use of the weapon in the sense of harm in fact inflicted that makes the crime of armed robbery aggravated; rather it is more importantly the potential for injury, and the tendency toward resistance, conflict, and violence in result which exists where robbery is perpetrated with the use of a dangerous weapon"). But there is a "material difference between the presence of a weapon, which produces a risk of violent force, and the actual or threatened use of such force." United States v. Parnell, 818 F.3d 974, 980 (9th Cir. 2016). The conduct criminalized by § 17 includes the mere presence of a dangerous weapon without the victim's

knowledge, which falls short of the actual "use, attempted use or threatened use" of the weapon itself.  G. L. c. 276, § 58A (1).  Thus, being armed with a dangerous weapon does not categorically require the degree of force contemplated by § 58A's force clause.

We accordingly hold that armed robbery, G. L. c. 265, § 17, does not categorically contain an element of physical force or qualify as a predicate offense under G. L. c. 276, § 58A.

c.  Related statutes.  Our interpretation is consistent with the interpretation of similar force clauses, including the Massachusetts armed career criminal act (Massachusetts ACCA), G. L. c. 269, § 10G, and the Federal armed career criminal act (Federal ACCA), 18 U.S.C. § 924(e).  Both utilize force clauses that are nearly identical to § 58A's force clause, imposing a sentence enhancement for the commission of an offense -- a "violent crime" under the Massachusetts ACCA and a "violent felony" under the Federal ACCA -- that "has as an element the use, attempted use, or threatened use of physical force" against another person.  See G. L. c. 269, § 10G (e); G. L. c. 140, § 121.  See also 18 U.S.C. § 924(e)(2)(B)(i).  Given this similar language, we have relied on interpretations of the Massachusetts and Federal ACCA force clauses as persuasive authority in interpreting § 58A's force clause.  See Vieira, 483 Mass. at 426-427.  Indeed, the Federal ACCA, which predates the

enactment of § 58A,[4] was "presumably known to [§ 58A's] enactors," and consequently we may derive the "usual and accepted meaning" of the force clause from it (citation omitted).  Id. at 426.  See id. at 427 ("Where a word or phrase is obviously transplanted from another legal source, . . . it brings the old soil with it" [quotation and citation omitted]).

A review of case law under the Massachusetts and Federal ACCA supports our interpretation of § 58A's force clause.  For example, in Mora, 477 Mass. at 406-408, we concluded that unarmed robbery, based on the evidence presented, did not constitute a "violent crime" for purposes of a sentence enhancement under the Massachusetts ACCA.  We reasoned, in part, that while the Massachusetts ACCA's force clause requires the use of "violent or substantial force capable of causing pain or injury," the degree of force used for robbery is largely "immaterial," where the victim need not resist or be placed in fear (citations omitted).  Id. at 407.  See Starks, 861 F.3d at 317-324 (armed robbery, G. L. c. 265, § 17, is not "violent felony" under Federal ACCA force clause because, inter alia,

---

    [4] As we have previously noted, § 58A was enacted in 1994, while the relevant language in the Federal ACCA appeared as early as 1984.  See Vieira, 483 Mass. at 426 n.16.

degree of force is immaterial); <u>Parnell</u>, 818 F.3d at 978-981 (same).

    3.  <u>Conclusion</u>.  Armed robbery, G. L. c. 265, § 17, does not qualify as a predicate offense under the force clause in G. L. c. 276, § 58A (1).  This matter is remanded to the county court for entry of a judgment vacating the Superior Court judge's order of pretrial detention.

                                <u>So ordered</u>.