SUPREME JUDICIAL COURT 
 
 ALVIN CAMPBELL vs. COMMONWEALTH

 
 Docket:
 SJC-13504
 
 
 Dates:
 February 5, 2024 - October 8, 2024
 
 
 Present:
 Budd, C.J., Gaziano, Kafker, & Georges, JJ.
 
 
 County:
 Suffolk
 

 
 Keywords:
 Pretrial Detention. Bail. Rape. Statute, Construction. Words, "Physical force."
 
 

  
      Civil action commenced in the Supreme Judicial Court for the county of Suffolk on August 1, 2023.
      The case was heard by Wendlandt, J.
      Patrick Levin, Committee for Public Counsel Services, for the petitioner.
      Sarah Montgomery Lewis, Assistant District Attorney (Lynn Feigenbaum, Assistant District Attorney, also present) for the Commonwealth.
      GAZIANO, J.  General Laws 276, § 58A (1) (§ 58A or force clause), permits the pretrial detention of a defendant charged with a felony offense that has as an element "the use, attempted use or threatened use of physical force against the person of another."  The question in this case is whether rape, G. L. c. 265, § 22 (§ 22), qualifies as a predicate offense under the force clause of the pretrial detention statute.  Because rape is a crime of physical violence requiring unwanted forceful penetration of another person, we hold that it does qualify. 
      1.  Background.  The defendant, Alvin Campbell, is alleged to have raped eight women.[1]  The Commonwealth contends that the defendant repeatedly lured heavily intoxicated women into his vehicle by posing as a rideshare operator.  After the women passed out, the defendant proceeded to rape them, often taking photographs or recording videos of the assaults.  Between 2020 and 2021, the defendant was indicted on three sets of charges, with each case entered on separate dockets of the Superior Court.  
      In March 2020, a grand jury indicted the defendant on two counts of aggravated rape, G. L. c. 265, § 22 (a); three counts of indecent assault and battery on a person age fourteen or older, G. L. c. 265, § 13H; kidnapping, G. L. c. 265, § 26; and photographing an unsuspecting nude person, G. L. c. 272, § 105 (b).  At the defendant's arraignment, cash bail was set at $250,000.  In July 2020, the defendant filed pro se a motion for release from pretrial detention on COVID-19 grounds.  A Superior Court judge denied his motion and subsequently raised the defendant's cash bail to $500,000.  With respect to the first set of charges, the Commonwealth did not move for pretrial detention based on dangerousness under § 58A.[2]
      The defendant, in September 2020, was indicted on the second set of charges -- five counts of rape, G. L. c. 265, § 22; two counts of aggravated rape, G. L. c. 265, § 22 (a); eight counts of photographing an unsuspecting nude person, G. L. c. 272, § 105 (b); two counts of kidnapping, G. L. c. 265, § 26; two counts of indecent assault and battery on a person age fourteen or older, G. L. c. 265, § 13H; and one count of assault with intent to rape, G. L. c. 265, § 24.  At the defendant's arraignment, the Commonwealth moved for pretrial detention based on dangerousness under § 58A.  The defendant did not object, and after a hearing, the judge found the defendant dangerous and ordered him held without bail.  
      In March 2021, a grand jury indicted the defendant on the third set of charges -- three counts of rape, G. L. c. 265, § 22; and two counts of photographing an unsuspecting nude person, G. L. c. 272, § 105 (b).  At the defendant's arraignment, the Commonwealth again moved for pretrial detention based on dangerousness.  After a hearing, the defendant was adjudged dangerous and ordered held without bail.  
      In September 2022, the defendant filed a series of unsuccessful motions across all three sets of indictments.  He filed a motion for bail review in the first docket on September 26, 2022.  After a hearing, this motion was denied on September 30, 2022.  The defendant also filed a motion for reconsideration of his pretrial detention under § 58A in both the second and third dockets on September 26 and 28, 2022, which was also denied on September 30, 2022.  In May 2023, the defendant again filed a motion for bail review in the first docket and a motion for reconsideration of his pretrial detention in the second and third dockets.  After a hearing, the motion judge denied all three motions in a written decision, dated July 5, 2023.  Regarding the § 58A pretrial detention orders, the motion judge concluded that because rape has "as an element the use of force," it qualifies as a predicate offense under the force clause.  The judge also determined that the defendant posed "an extremely high danger" to the community.  
      In August 2023, the defendant appealed from the July 5 order denying his motions for reconsideration.  That same month, he filed an emergency petition for relief in the county court pursuant to G. L. c. 211, § 3, in which he requested the court vacate the § 58A pretrial detention orders and release him on reasonable cash bail.  The defendant argued that rape could not serve as a predicate for detention under § 58A and that, even if it could, "the evidence in this case [did] not require detention." 
      On August 18, 2023, a single justice issued a memorandum of decision and judgment denying the defendant's emergency petition.  Relying on language in Scione v. Commonwealth, 481 Mass. 225, 229 (2019), the single justice reasoned that rape qualifies as a predicate offense for pretrial detention under the force clause because an element of rape includes the use or threatened use of force.  The single justice further concluded that the motion judge appropriately considered the relevant factors under Brangan v. Commonwealth, 477 Mass. 691, 698, S.C., 478 Mass. 361 (2017), in determining that "no conditions of release will reasonably assure the safety of any other person or the community."  
      In October 2023, the defendant filed in this court a late notice of appeal from the single justice's decision, which the single justice allowed.  On November 22, 2023, we issued an order allowing the defendant's appeal to proceed in the full court.  
      2.  Discussion.  We review a single justice's denial of a petition under G. L. c. 211, § 3, for clear error of law or abuse of discretion.  See Brangan, 477 Mass. at 697.  "We must also consider the propriety of the Superior Court judge's underlying bail order.  In reviewing both the single justice's judgment and the bail judge's order, we must consider the legal rights at issue and independently determine and apply the law, without deference to their respective legal rulings" (citations omitted).  Id.  
      a.  General Laws c. 276, § 58A.  Where the Commonwealth seeks pretrial detention based on dangerousness, the "threshold question" is whether the defendant has been charged with committing a predicate offense under § 58A.  Commonwealth v. Young, 453 Mass. 707, 711 (2009).  "If no predicate offense has been charged, a defendant may not be placed in pretrial detention . . . ."  Commonwealth v. Vieira, 483 Mass. 417, 421 (2019).  
      "Predicate offenses under § 58A either are specifically enumerated in the statute or fall within one (or more) of the [broader] categories . . ." (footnote omitted).  Scione, 481 Mass. at 227.  Because the offense of rape, G. L. c. 265, § 22, is not among the crimes explicitly enumerated as a predicate offense under § 58A, it must fall within one of the broader categories to qualify as a predicate offense.  Prior to our decision in Scione, there were three categories of predicate felonies:
"(1) those felonies that 'ha[ve] as an element of the offense the use, attempted use or threatened use of physical force against the person of another' (force clause); (2) 'any other felony that, by its nature, involves a substantial risk that physical force against the person of another may result' (residual clause); or (3) 'a misdemeanor or felony involving abuse as defined in [G. L. c. 209A, § 1]' (abuse clause)."
Scione, supra, quoting G. L. c. 276, § 58A.  However, in Scione, supra at 232, we determined that the residual clause unconstitutionally was vague, leaving only two pathways by which an offense not otherwise listed in § 58A may qualify as a predicate offense -- the abuse clause and, relevant here, the force clause.  See G. L. c. 209A, § 1 (defining abuse as occurrence of certain acts "between family or household members"). 
      "In determining whether a crime qualifies under the force clause of [§ 58A], we take a 'categorical approach.'"  Vieira, 483 Mass. at 422, quoting Scione, 481 Mass. at 228.  An offense serves as a predicate for purposes of § 58A "if, and only if, the elements of the offense always fall within the ambit of the force clause."  Commonwealth v. Escobar, 490 Mass. 488, 496 (2022).  This inquiry focuses on the elements of the offense, not the particular facts surrounding the offending conduct.  Id.  We are required to consider "the most innocent conduct" criminalized by the applicable statute to determine whether the offense satisfies the force clause.  United States v. Jackson, 32 F.4th 278, 284 (4th Cir. 2022), cert. denied, 143 S. Ct. 1026 (2023), quoting United States v. Roof, 10 F.4th 314, 398 (4th Cir. 2021), cert. denied, 143 S. Ct. 303 (2022).  
      Applying the categorical approach, we must determine whether it is possible to commit the offense of rape without having used, attempted to use, or threatened "physical force."  
      In relevant part, § 22, states:  
"Whoever has sexual intercourse . . . with a person, and compels such person to submit by force and against his will, or compels such person to submit by threat of bodily injury . . . shall be punished by imprisonment in the state prison for life or for any term of years."
The rape statute follows the common-law definition of rape and requires the Commonwealth to prove beyond a reasonable doubt the defendant (1) engaged in sexual intercourse with the victim; (2) by force or threat of force; and (3) against the victim's will.  See Commonwealth v. Lopez, 433 Mass. 722, 726 (2001).  We have defined the first element as "penetration of the victim, regardless of degree."  Id. at 726-727.  As to the second and third elements, the penetration must occur "by means of physical force; nonphysical, constructive force; or threats of bodily harm, either explicit or implicit" and without consent (citations omitted).  Id. at 727.  See Commonwealth v. Caracciola, 409 Mass. 648, 651 (1991) ("defendant can be guilty of rape without having used or threatened physical force" if intercourse obtained through fear or threats). 
      b.  "Physical force."  Section 58A does not define "physical force."  We review questions of statutory interpretation de novo.  See Commonwealth v. Tinsley, 487 Mass. 380, 385 (2021).  Where a statute does not define its words, we give them their ordinary meanings, so long as these meanings are consistent with the statutory purpose.  See Scione, 481 Mass. at 234-235.  
      In Vieira, 483 Mass. at 425-427, the Commonwealth advanced a "sweeping definition" of "physical force" under § 58A, which would include "any touching, however minimal."  In rejecting this definition, we looked to "similar 'force clauses' in related Federal and Massachusetts statutes."  Id. at 426.  
      We noted that § 58A's force clause was modeled on its counterpart in the Federal Bail Reform Act of 1984.  See Vieira, 483 Mass. at 427.  See also 18 U.S.C. § 3156, amended by Pub. L. No. 98-473, Title II, §§ 203(c), 223(h), 98 Stat. 1985, 2029 (1984).  Like § 58A, "[t]he Federal statute enumerates, as predicate offenses eligible for pretrial detention, those offenses having as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another.  The statute specifies that these are not mere crimes of physical contact but, rather, crime[s] of violence" (quotations omitted).  Vieira, supra, quoting 18 U.S.C. § 3156(a)(4).   
      The force clause of § 58A also mirrors the language in the Federal Armed Career Criminal Act (Federal ACCA), which "includes among its predicate offenses any 'violent felony,' i.e., felonies having 'as an element the use, attempted use, or threatened use of physical force against the person of another.'"  Vieira, 483 Mass. at 426, quoting 18 U.S.C. § 924(e)(2)(B)(i).  Interpreting the phrase "physical force" in the context of the Federal ACCA, the United States Supreme Court held that "[t]he adjective 'physical' . . . plainly refers to force exerted by and through concrete bodies -- distinguishing physical force from, for example, intellectual force or emotional force."  Johnson v. United States, 559 U.S. 133, 138 (2010).  The Court, in turn, noted that while "force" has multiple meanings, in more general usage it means "'[s]trength or energy; active power; vigor; often an unusual degree of strength or energy,' '[p]ower to affect strongly in physical relations,' or '[p]ower, violence, compulsion, or constraint exerted upon a person'" (citation omitted).  Id. at 138-139.  These definitions suggest that "physical force" entails "a degree of [physical] power that would not be satisfied by the merest touching."  Id. at 139.  
      In Vieira, 482 Mass. at 427, quoting Commonwealth v. Eberhart, 461 Mass. 809, 818-820 (2019), we further noted that, under the Massachusetts Armed Career Criminal Act (Massachusetts ACCA), this court has adopted "violent or substantial force capable of causing pain or injury" as the definition of "physical force."[3]  
      Because we encountered "no similar language in any Massachusetts or Federal statute that has been interpreted to mean the use of force so minimal as to encompass an offensive battery" during our survey in Vieira, 483 Mass. at 427, we saw "no reason" to adopt the Commonwealth's definition of "physical force" and determined that indecent assault and battery on a child under the age of fourteen, G. L. c. 265, § 13B (§ 13B), fell outside the scope of the force clause of § 58A.[4]
      As required by § 58A, we focus on whether the felony of rape requires the Commonwealth to prove, beyond a reasonable doubt, the use, attempted use, or threatened use of physical force.  See Scione, 481 Mass. at 228.  See also United States v. Taylor, 596 U.S. 845, 850 (2022) ("only relevant question is whether federal felony at issue always requires the government to prove -- beyond a reasonable doubt, as an element of its case -- the use, attempted use, or threatened use of force").  This necessarily involves inquiry into the manner in which force is applied to a victim during the commission of the predicate crime in a hypothetical, and least culpable, factual scenario.  See Vieira, 483 Mass. at 423-424 (examining types of criminal battery offenses that constitute crime of indecent assault and battery ranging from harmful battery to offensive battery).  See also Taylor, supra at 850-852 (in evaluating whether attempted Hobbs Act robbery involves physical force, Court considered hypothetical robber who bought ski mask, etc., but "never even got to the point of threatening the use of force against anyone or anything"); Commonwealth v. Mora, 477 Mass. 399, 407 n.6 (2017) (in explaining why robbery does not categorically require physical force, court provides example of woman who was robbed so quickly that she did not even realize her purse was gone); United States v. Bong, 913 F.3d 1252, 1266 (10th Cir. 2019), quoting United States v. Parnell, 818 F.3d 974, 980 (9th Cir. 2016) (armed robbery does not categorically require physical force because not only can taking not require force, e.g., "purse snatching," but there is "a material difference between the presence of a weapon, which produces a risk of violent force, and the actual or threatened use of such force" in commission of robbery); United States v. Starks, 861 F.3d 306, 322 (1st Cir. 2017) ("a purse-snatcher with a knife in his or her pocket" could be convicted of armed robbery without use of physical force in commission of crime).  
      c.  Application.  With this context in mind, we now must determine whether the offense of forcible rape, G. L. c. 265, § 22, includes the use, attempted use, or threatened use of "physical force" as that term is used in § 58A.  We conclude that unwanted sexual intercourse compelled by force renders rape an inherently physical violation of another person and, therefore, an offense with "physical force" as both core element and end result.  G. L. c. 276, § 58A.  Our discussion proceeds in two parts.  First, we clarify that our recognition in Caracciola, 409 Mass. at 652-653, and Commonwealth v. Blache, 450 Mass. 583, 592 (2008), of alternate methods of coercion utilized in rape does not alter the inherently physical nature of the offense.  Second, we distinguish rape under § 22 from both Vieira, 483 Mass. at 425, and Scione, 481 Mass. at 228-230, where we held that indecent assault and battery of a child and statutory rape, respectively, do not require physical force as an element and therefore fail under the categorical approach to § 58A.  
      i.  Rape under § 22 necessarily involves physical force.  Because the element of "force" under § 22 can, in some cases, be proved by showing either "constructive force," Caracciola, 409 Mass. at 652-653, or the victim's "incapacity" to consent, Blache, 450 Mass. at 592, the defendant argues that rape categorically does not require physical force and does not qualify as a predicate offense under § 58A.  We disagree.    
      In Caracciola, 409 Mass. at 649, the victim obeyed the instruction of the defendant, who was posing as a police officer, to get into his car.  As he drove the victim home, the defendant stopped in a school parking lot and began to touch and rub her legs.  See id.  The defendant then made the victim get on top of him and initiate sexual intercourse.  See id.  At trial, the victim testified she was scared the "officer" would arrest her if she did not comply.  See id.  We held there was sufficient evidence proving the force element, particularly given that the defendant carried a gun, told the victim he would imprison her if she did not obey, and forced the victim to beg him not to "lock her up."  Id. at 654.  We concluded force in a rape case does not necessarily require physical force.  See id. at 652.
      In Blache, 450 Mass. at 589, we reaffirmed the principles of an earlier case, Commonwealth v. Burke, 105 Mass. 376, 376-377 (1870).  In Burke, the defendant assisted the perpetrator in having intercourse with the victim, who they both knew could not consent because she was "so drunk as to be utterly senseless."  Id. at 377.  We held that no force beyond what is required for the act of penetration is necessary to accomplish the crime of rape where the victim is incapacitated.  See id. at 380-381.  In the more than 150 years since Burke was decided, this court has consistently cited this proposition with approval.  See, e.g., Commonwealth v. Gibson, 488 Mass. 854, 857 (2022) ("In situations where a victim lacks the capacity to consent, the Commonwealth 'has no obligation to prove the use of force by the defendant beyond what is required for the act of penetration'" [citation omitted]); Commonwealth v. Jansen, 459 Mass. 21, 29 (2011) (where victim is incapable of consenting, only force required is such force necessary to effect penetration).  
      Our recognition of the myriad ways in which an assailant may deprive a victim of his or her consent does not diminish the undeniable presence of physical force in rape.  See Commonwealth v. McCourt, 438 Mass. 486, 495 (2003), quoting Commonwealth v. McCourt, 54 Mass. App. Ct. 673, 681 (2002) ("rape is 'a crime involving not simply sex but violence and domination calculated to humiliate, injure, and degrade'" [quotations omitted]); Caracciola, 409 Mass. at 654 ("It is precisely this requirement that the intercourse be against the victim's will that ensures . . . that rape continues to be a crime of violence"); Commonwealth v. Sherry, 386 Mass. 682, 687 (1982) ("The essence of the crime of rape, whether aggravated or unaggravated, is sexual intercourse with another compelled by force and against the victim's will . . ."); Commonwealth v. McCan, 277 Mass. 199, 203 (1931) ("its essence is the felonious and violent penetration of the person of the [victim] by the defendant").  
      Rather, our precedents mirror decades-long efforts to dispel the antiquated common-law requirement that victims must physically resist their assailant.  McJunkin, Rape as Indignity, 109 Cornell L. Rev. 385, 423 n. 287 (2024), citing Falk, Rape by Fraud and Rape by Coercion, 64 Brook. L. Rev. 39, 175-177 (1998).  See Commonwealth v. Gallant, 373 Mass. 577, 583-584 (1977) ("comprehensive attempt to redefine the legal elements of rape" in Commonwealth to move away from common-law definition of rape, understood as carnal knowledge of woman against her will).  See also Commonwealth v. Kennedy, 478 Mass. 804, 810 (2018) ("A rape victim need not fend off attackers with physical force . . ."); Caracciola, 409 Mass. at 651 ("We do not require victims to use physical force to resist an attack").
      Further, the "legislative activity [surrounding § 22,] specifically aimed at redefining and modernizing the crime of rape," sought to "include forms of sexual intrusion that [had] escaped prosecution as rape under a narrower definition" of the crime.  Commonwealth v. Smith, 431 Mass. 417, 421 (2000).  This necessarily includes the rape of both victims frozen by fear, see Caracciola, 409 Mass. at 649-654, as well as victims who are otherwise incapacitated, see Blache, 450 Mass. at 589.  See generally United States v. Riley, 183 F.3d 1155, 1160-1161 (9th Cir. 1999), cert. denied, 528 U.S. 1174 (2000) ("we refuse to minimize a crime solely because its victim may be helpless"; "sex crimes committed against the vulnerable, such as an unconscious or intoxicated individual, are particularly egregious and dehumanizing").  
      Applying the categorical approach to the rape of a terrified or incapacitated victim, the "most innocent conduct" criminalized by § 22 still entails forceful penetration against the will of the victim.  Jackson, 32 F.4th at 284, quoting Roof, 10 F.4th at 398.  The violence inherent in forced penetration under § 22, regardless of its extent or the way in which it is accomplished, differentiates rape from the "merest touching."  Vieira, 483 Mass. at 426, quoting Johnson, 559 U.S. at 138-139.  See McCourt, 438 Mass. at 495, quoting McCourt, 54 Mass. App. Ct. at 681 (rape as forced penetration "calculated to humiliate, injure, and degrade"); McCan, 277 Mass. at 203 (essence of rape "felonious and violent penetration").  Accordingly, rape under § 22 qualifies as a predicate offense under the categorical approach to the force clause.  See generally Caracciola, 409 Mass. at 654 (rape is "crime of violence").    
      ii.  Forcible rape is distinguishable from statutory rape and indecent assault and battery against a child for purposes of the categorical approach.  The defendant further contends that forcible rape, "just like" indecent assault and battery against a child under § 13B, and statutory rape under G. L. c. 265, § 23A (§ 23A), does not require the use of physical force to be effectuated and is not a predicate offense under § 58A.  We distinguish rape under § 22 from each offense.  See Vieira, 483 Mass. at 427 (indecent assault and battery against child under age of fourteen "does not contain an element of physical force, and cannot qualify as a predicate offense under [§ 58A]").  See also Scione, 481 Mass. at 228-230 (statutory rape does not qualify as predicate offense under § 58A because it lacks force as element).
      In Vieira, 483 Mass. at 423, we determined that the statutory language of § 13B failed to "precisely define the elements of the crime," such that we needed to look only to the three types of battery of common law -- "harmful battery, reckless battery, and offensive battery" -- to determine whether the offense included physical force as an element.  We reasoned that the first two types of battery "require the use of physical force" for the purposes of § 58A, as harmful battery requires touching "with such violence that bodily harm is likely to result," and reckless battery "is a wilful, wanton, and reckless act which results in personal injury to another" (citations and quotation omitted).  Id.  However, we determined that offensive battery, which only requires the nonconsensual touching of another, "however slight," lacked physical force as a necessary element (quotations omitted).  Id. at 423-424, quoting Eberhart, 461 Mass. at 818 (actions as minor as tickling and spitting constitute offensive battery).  Therefore, § 13B failed under our categorical approach to § 58A and could not serve as a predicate for pretrial detention.  See Escobar, 490 Mass. at 496. 
      Although "consent is always at issue" in both rape and offensive battery, the two offenses are distinct.  Commonwealth v. Burke, 390 Mass. 480, 483 (1983).  Whereas "an offensive [battery] is so only because of lack of consent," id., the commission of rape requires the additional element of the specific physical act spelled out in the text of § 22:  sexual intercourse "by force and against [the complainant's] will," G. L. c. 265, § 22.  See Vieira, 483 Mass. at 423-424.  See also Lopez, 433 Mass. at 726 ("Sexual intercourse [for purposes of rape statute] defined as penetration of the victim, regardless of degree").  Decidedly unlike rape, offensive battery under § 13B can take lesser forms of violation, actions as innocuous as "tickling," "spitting," and "moving someone from one room to another."  Vieira, supra at 424.  See United States v. Whindleton, 797 F.3d 105, 113 (1st Cir. 2015), cert. denied, 580 U.S. 881 (2016) (battery can include "a tap on the shoulder without consent").  This difference in degree matters -- we struggle to think of a rape that can be described as a "de minimis touching[]" (citation omitted).  Vieira, supra.  See McCan, 277 Mass. at 203 ("It is difficult to conceive of two crimes more fundamentally different in nature and distinct in legal character" than rape and assault and battery).  Therefore, rape under § 22 is distinguishable from indecent assault and battery and survives our categorical approach to the force clause of § 58A.
      In Scione, 481 Mass. at 229-230, quoting Commonwealth v. Bernardo B., 453 Mass. 158, 172 (2009), we determined that "[f]orce is not a necessary element of [§ 23A]" for two reasons.  First, we highlighted that the statutory rape statute does not mention "force," let alone state that it is a required element for commission of the crime.  Scione, supra at 229.  Second, we pointed to the separate offense of forcible rape of a child under G. L. c. 265, § 22A (§ 22A).  See Scione, supra at 229-230.  We explained that "[t]he fact that the Legislature saw fit to create two separate statutory rape offenses -- one that includes the use of force and one that does not" -- evinces the Legislature's intent that § 23A "not contain as an element the use of force."  Id. at 230.  We further reasoned that § 22A "does qualify as a predicate offense under the force clause of § 58A," in part because § 22A includes language about a child being made to "submit by force and against his will" -- language identical to the text of § 22.  Id. at 229-230.  We then explicitly distinguished § 22 from § 23A on this basis, explaining that § 22 "includes as an element the use or threatened use of force," which "may be satisfied in some cases by the act of penetration" alone.  Id. at 229.  Because § 23A did not include an element of force, we concluded that this offense could not serve as a predicate offense for purposes of § 58A.  See id. at 230.  
      We reiterate here that § 22 is distinct from § 23A because neither force nor consent is considered under the latter.  "In contrast to laws governing forcible rape, statutory rape laws apply to consensual sexual activity."  Michael M. v. Superior Court of Sonoma County, 450 U.S. 464, 493 n.7 (1981) (Brennan, J., dissenting).  See Burke, 390 Mass. at 486 ("consensual 'assault' with intent to have intercourse with an underage girl is [still] attempted statutory rape").  Under § 23A, it is sufficient that a child "could not," given the child's age, "consent to the sexual activity" for criminal liability to attach.  Vieira, 483 Mass. at 424.  See Bernardo B., 453 Mass. at 171 ("Modern amendments leave no doubt about the Legislature's intent to protect all children under sixteen years old from sexual abuse").  See also Smith, 431 Mass. at 420 ("In the case of rape of a child under the age of sixteen years committed without the use of force or threat, . . . lack of consent is . . . conclusively presumed by law").  In contrast, "an essential element of [§ 22] is the absence of a victim's consent," along with force.  Id. at 420.  While a victim's lack of capacity to consent can satisfy the element of lack of consent of § 22, see Blache, 450 Mass. at 589, our rape statute still requires proof of force -- even if that is "only such force as is necessary to effect penetration," Commonwealth v. Mountry, 463 Mass. 80, 90 (2012).[5]  
      3.  Conclusion.  We reject the notion of a nonviolent forcible rape.  See State v. Holden, 338 N.C. 394, 405 (1994).  Although we have extended the definition of rape to include situations involving constructive force, we did not in that process reduce unwanted penetration of another's vagina, anus, or mouth into incidental offensive contact not amounting to a forceful crime.  Put differently, the physical contact required to constitute rape cannot be equated to "tickling," "spitting," or "a tap on the shoulder."  Vieira, 483 Mass. at 424.  Whindleton, 797 F.3d at 113.  For this reason, the language of § 22 describes "not mere crimes of physical contact, but, rather, crime[s] of violence," as required by the force clause of § 58A (quotation omitted).  Vieira, supra at 427, quoting 18 U.S.C. § 3156(a)(4).  See Caracciola, 409 Mass. at 652 (rape is "crime[] of violence" even under constructive force).  To decide otherwise and determine that rape is not an offense with physical force at its heart would be to fundamentally misunderstand the nature of the violation.  Accordingly, we affirm the judgment of the single justice.
                                          
So ordered.  
footnotes

      [1] Although the petitioner commenced this action by filing a petition in the county court, for convenience we refer to him as the "defendant."
          [2] Aggravated rape includes the same elements as rape, plus one of three aggravating factors:  forced sexual intercourse resulting in serious bodily injury; rape committed by more than one person; or rape committed during the commission or attempted commission of other enumerated crimes.  G. L. c. 265, § 22 (a).  The issue whether any of these aggravating factors requires the use, attempted use, or threatened use of physical force is not raised in this appeal.  As a result, our decision focuses solely on the question whether rape, rather than any form of aggravated rape, qualifies as a predicate offense under the force clause.  
          [3] In Eberhart, 461 Mass. at 818-819, we explained that while "[h]armful battery and reckless battery do have as an element the use of 'physical force' sufficient to implicate [the force clause of the Massachusetts ACCA]," offensive battery, "which can be committed through such de minimis touchings as tickling and spitting, does not."  See Commonwealth v. Ashford, 486 Mass. 450, 461 (2020) (reiterating same).  In other words, "de minimis touchings" are insufficient to show "physical force" under the force clause of the Massachusetts ACCA.  Id.  
          [4] The defendant advances a different definition of physical force under § 58A:  a "touching with such violence that bodily harm is likely to result" (quotation omitted).  Vieira, 483 Mass. at 423, quoting Commonwealth v. Burke, 390 Mass. 480, 482 (1983).  However, this language was cabined to our discussion of harmful battery in Vieira, supra, and, contrary to the defendant's assertions, does not control the definition of physical force under § 58A. 
          [5] Scione, 481 Mass. at 229, and Vieira, 483 Mass. at 424, do not stand for the proposition that the act of sexual penetration cannot be considered in assessing whether an offense is a predicate under the force clause.  In both cases, "force" was not a statutory element of the crimes at issue.  See Vieira, supra; Scione, supra.  Rather, Scione and Vieira made clear that the penetration required to effectuate nonforcible statutory rape, specifically, did not satisfy the physical force element of § 58A.